## MATTER OF NAGO

### In Exclusion Proceedings

### A-21223151

*Decided by Board February 8, 1978*

Where the applicant for admission to the United States is a highly trained chef who is engaged in a specialized form of Japanese (Nabemono) cooking and has been brought to the United States to impart his knowledge and share his experiences with other employees of a treaty investor in order to enable them to become proficient in "Nabemono" cooking, Board of Immigration Appeals concluded that the applicant is employed by a treaty investor in a responsible capacity and therefore qualifies for admission as a nonimmigrant alien within the meaning of section 101(a)(15)(E)(ii) of the Act, 8 U.S.C. 1101(a)(15)(E)(ii).

Excludable: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—no visa

ON BEHALF OF APPLICANT:
William F. Thompson, III,
Esquire
925 Bethel Street
Honolulu, Hawaii 96813

ON BEHALF OF SERVICE:
Gary Y. Fujiwara
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

On February 14, 1977, the immigration judge issued an order finding that the applicant, Osami Nago, qualifies for admission to the United States as a nonimmigrant treaty investor under section 101(a)(15)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(E)(ii). He ordered that the applicant be admitted to the United States as an "E-2 nonimmigrant" for a period to expire on August 14, 1977. The Immigration and Naturalization Service appealed from that decision. Subsequent to its appeal, the Service waived oral argument before this Board. The Service appeal will be dismissed.

The applicant is a 23-year-old single male alien who is a native and citizen of Japan. He arrived in the United States at Honolulu, Hawaii, on November 11, 1976. The applicant, at that time, was in possession of a valid passport issued by the Government of Japan and a nonimmigrant (E-2) visa. He applied for admission as a nonimmigrant treaty investor under section 101(a)(15)(E)(ii) of the Act.

The applicant was served by an immigration officer with a notice (Form I-122) informing him that he appeared to be an immigrant not in possession of a valid unexpired immigrant visa; that it did not appear that he was exempt from presentation of such a document; and that he may come within the exclusion provisions of section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20). He was also notified of the time and date of his hearing in exclusion proceedings. The hearing was conducted on February 14, 1977.

The record reveals that the applicant is a Japanese specialty cook who is employed for a one-year period at "Yakiniku House Osaka", a Japanese restaurant located in Honolulu. The restaurant is owned by a Japanese nonimmigrant treaty investor who seeks the culinary services of the applicant who is apparently well versed in a specialized type of Japanese cooking known as "Nabemono." The applicant will cook in the "Nabemono" style and train other employees of the restaurant in this form of cooking. It appears that "Nabemono" chefs are scarce in the United States and that the applicant's employer has been searching for such a chef for several years. The applicant's employer testified that the applicant is a graduate of a leading Japanese cooking school and experienced in the art of "Nabemono" cooking. The applicant's employer also testified that the applicant will teach other employees to carry on the "Nabemono" style of cooking; that the "Nabemono" process can be learned in one year, and that the applicant intends to return to Japan after one year. The immigration judge found that the "Nabemono" type of cooking ". . . requires a highly trained or specially qualified technical person for the preparation of the food and for the purpose of teaching others to perform the process."

The applicant seeks admission as a nonimmigrant treaty investor. Section 101(a)(15)(E)(ii) of the Act defines a treaty investor as:

> . . . an alien entitled to enter the United States under and in the pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national, and the spouse and children of any such alien if accompanying or following to join him:
> (i) . . .
> (ii) solely to develop and direct the operation of an enterprise in which he has invested, or of an enterprise in which he is actively in the process of investing, a substantial amount of capital. . . .

In *Matter of Udagawa*, 14 I. & N. Dec. 578 (BIA 1974), we pointed out that a reasonable construction of section 101(a)(15)(E)(ii) is contained in 22 C.F.R. 41.41. The relevant portion of this Department of State regulation states:

> (a) An alien shall be classifiable as a nonimmigrant treaty investor if he establishes to the satisfaction of the consular officer that he qualifies under the provisions of section 101(a)(15)(E)(ii) of the Act and that: (1) *He intends to depart from the United States*

*upon the termination of his status*; and (2) he is an alien who has invested or is investing capital in a bona fide enterprise and is not seeking to proceed to the United States in connection with the investment of a small amount of capital in a marginal enterprise solely for the purpose of earning a living; or that (3) *he is employed by a treaty investor in a responsible capacity and the employer is a foreign person having the nationality of the treaty country who is maintaining the status of a nonimmigrant treaty investor, or an organization which is principally owned by a person or persons having the nationality of the treaty country, and if not residing abroad, maintaining nonimmigrant treaty investor status.* (Emphasis supplied.)

We construe the above regulation to mean that an alien such as the applicant will qualify as a "treaty investor" if he has the necessary intent to depart and if he meets the conditions imposed by subdivision (3) of the quoted portion of the regulation. Since the evidence adduced at the hearing indicates that the applicant's employer is a foreign person of the same nationality as the applicant and that the applicant possesses the requisite intent to return to Japan, the remaining issue in this case is whether he can be considered to be "employed . . . in a responsible capacity. . . ." [1] *Matter of Udagawa, supra; Matter of Tamura,* 10 I. & N. Dec. 717 (R.C. 1964).

It is clear that the applicant is a highly trained chef who is engaged in a specialized form of Japanese cooking. The applicant has been brought to the United States to impart his knowledge and share his experiences with other employees of the treaty investor in order to enable them to become proficient in "Nabemono" cooking. We conclude that the applicant is employed by a treaty investor in a responsible capacity. Therefore, the applicant qualifies for admission as a nonimmigrant alien within the meaning of section 101(a)(15)(E)(ii) of the Act.

We note that the applicant has been in the United States in a parole status for more than one year and that the period of the applicant's authorized stay as set by the immigration judge in his order has expired. These facts should be considered by the District Director in determining the period that the applicant is allowed to remain in the United States as an employee of a nonimmigrant treaty investor. Accordingly, the appeal of the Immigration and Naturalization Service is dismissed.

ORDER: The appeal of the Immigration and Naturalization Service is dismissed.

---

[1] An elaboration of the provisions of 22 C.F.R. 41.41 are contained in Note Number 4 of Volume 9 (Visas) of the Department of State Foreign Affairs Manual. That note provides, in pertinent part, that highly trained technical and managerial personnel employed by firms having the nationality of a country which has entered into a treaty with the United States providing for the investor classification are entitled to treaty investor status if they are engaged in the training or supervision of technicians employed in manufacturing, maintenance, and repair functions.